

# United States Tax Court
## Washington, DC 20217

Frank Warren Bibeau, Petitioner v. Commissioner of Internal Revenue, Respondent

Docket No. 11483-20L

## Printable Docket Record

| Name | Contact | Counsel |
|---|---|---|
| Frank Warren Bibeau | 51124 County Road 118<br>Deer River, MN 56636<br><br>No Phone | None |

| Respondent Counsel | Respondent Counsel Contact |
|---|---|
| Lisa R. Jones | lisa.r.jones@irscounsel.treas.gov<br>651-361-1813 |
| Beth A. Nunnink | beth.a.nunnink@irscounsel.treas.gov<br>651-361-1822 |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 1 | 08/24/20 | P | **PETITION FILED by Petr. Frank Warren Bibeau: FEE PAID** | See Filings and Proceedings | | 10/02/20 | R |
| 2 | 08/24/20 | RQT | **REQUEST FOR PLACE OF TRIAL AT ST. PAUL, MN by Petr. Frank Warren Bibeau** | See Filings and Proceedings | | 10/02/20 | R |
| 3 | 10/02/20 | NOT | **NOTICE OF ATTACHMENTS IN THE NATURE OF EVIDENCE** | See Filings and Proceedings | | 10/02/20 | B |
| 4 | 10/02/20 | OROP | **ORDER FOR RATIFICATION OF PETITION BY 11/16/20** | | | 10/02/20 | B |

Appellate Case: 23-2923   Page: 1   Date Filed: 08/24/2023 Entry ID: 5309655

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 5 | 11/17/20 | RAT | **RATIFICATION OF PETITION by Petr. Frank Warren Bibeau (ATTACHMENT)** | See Filings and Proceedings | | 11/19/20 | R |
| 6 | 11/19/20 | M073 | **MOTION TO DISMISS FOR LACK OF JURISDICTION by Resp. (C/S 11/19/20) (OBJECTION)** | See Filings and Proceedings | DNM 11/19/2020 | | |
| 7 | 11/19/20 | MISC | **DENIED MOTION TO DISMISS FOR LACK OF JURISDICTION by Resp.** | See Filings and Proceedings | | 11/20/20 | B |
| 8 | 01/04/21 | A | **Answer (C/S 01/04/21) (Attachment(s)) (C/S 01/04/21) (Attachment(s)) (STRICKEN)** | Resp. | ORD 04/06/21 | 01/04/21 | B |
| 9 | 01/04/21 | A | **Answer (C/S 01/04/21) (Attachment(s)) (C/S 01/04/21) (Attachment(s))** | Resp. | | 01/04/21 | B |
| 10 | 04/06/21 | O | **Order that the Answer filed 1/4/21 at 1:10 p.m. is hereby deemed stricken from the Courts record in this case.** | | | 04/06/21 | B |
| 11 | 11/05/21 | NTD | **Notice of Trial on 03/21/2022 at St. Paul, Minnesota** | | | 11/05/21 | B |
| 12 | 11/05/21 | SPTO | **Standing Pretrial Order** | | | 11/05/21 | B |
| 13 | 02/25/22 | PMT | **Pretrial Memorandum (C/S 02/25/22) (C/S 02/25/22)** | Resp. | | 02/25/22 | B |
| 14 | 03/04/22 | PTE | **Proposed Trial Exhibits Exh 1000-R through 1007-R (C/S 03/04/22) (Attachment(s)) (C/S 03/04/22) (Attachment(s))** | Resp. | | 03/04/22 | B |

Appellate Case: 23-2923     Page: 2     Date Filed: 08/24/2023 Entry ID: 5309655

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 15 | 03/08/22 | O | **Order that this case is stricken from the Court's 3-21-22 St. Paul, MN trial calendar. Parties by 3-21-22 file a motion to submit the case under rule 122 or file a status report. Jurisdiction is retained by Judge Holmes.** | | | 03/08/22 | B |
| 16 | 03/15/22 | NOCE | **Notice of Change of Email Address for Frank Warren Bibeau** | | | 03/15/22 | B |
| 17 | 03/17/22 | RPT | **Status Report** | Resp. & Petr. Frank Warren Bibeau | | 03/17/22 | B |
| 18 | 03/21/22 | O | **Order that Parties by 4-25-22 file a motion to submit the case for decision under Rule 122 or file a status report.** | | | 03/21/22 | B |
| 19 | 04/20/22 | PMT | **Pretrial Memorandum (Attachment(s))** (Attachment(s)) | Resp. & Petr. Frank Warren Bibeau | | 04/20/22 | B |
| 20 | 04/20/22 | AFF | **Affidavit of Petitioner Frank Bibeau in Support of Pretrial Memorandum** | Petr. Frank Warren Bibeau | | 04/20/22 | B |
| 21 | 04/20/22 | AFF | **Affidavit of Petitioner Frank Bibeau in Support of Pretrial Memorandum** | Petr. Frank Warren Bibeau | | 04/20/22 | B |
| 22 | 04/20/22 | NODC | **Notice of Docket Change for Docket Entry No. 19** | | | 04/20/22 | B |
| 23 | 04/20/22 | NODC | **Notice of Docket Change for Docket Entry No. 19** | | | 04/20/22 | B |
| 24 | 04/21/22 | M106 | **Motion to Submit Case Pursuant to Rule 122 (No** | Resp. & Petr. Frank | ord 5-6-22 | 04/21/22 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| | | | **Objection)** (No Objection) | Warren Bibeau | | | |
| 25 | 04/21/22 | STIP | **First Stipulation of Facts (Attachment(s)) (Attachment(s))** | Resp. & Petr. Frank Warren Bibeau | | 04/21/22 | B |
| 26 | 05/06/22 | OSUB | **Order that case is submitted to Judge Holmes Parties by 4-21-22 motion to submit case pursuant to rule 122 is granted. Petrs opening brief is due 7-19-22; Resps answering brief is due 9-19-22; Petrs reply brief is due 11-3-22.** | | | 05/06/22 | B |
| 27 | 07/19/22 | SEOB | **Seriatim Opening Brief** | Petr. Frank Warren Bibeau | | 07/19/22 | B |
| 28 | 07/19/22 | EXH | **Exhibit(s) to Petitioner's seriatim opening brief** | Petr. Frank Warren Bibeau | | 07/19/22 | B |
| 29 | 09/19/22 | SEAB | **Seriatim Answering Brief** | Resp. | | 09/19/22 | B |
| 30 | 11/03/22 | MEMO | **Memorandum of Law In Support Of Not Federally Taxing Indians' Income** | Petr. Frank Warren Bibeau | | 11/03/22 | B |
| 31 | 05/24/23 | MOP | **Memorandum Opinion Judge Holmes T.C. Memo. 2023-66 (Decision will be entered for respondent)** | | | 05/24/23 | B |
| 32 | 05/25/23 | DEC | **Decision Entered, Judge Holmes** | | | 05/25/23 | B |
| 33 | 08/21/23 | NOA | **Notice of Appeal for the 8th Circuit** | Petr. Frank Warren Bibeau | | 08/21/23 | B |

Appellate Case: 23-2923     Page: 4     Date Filed: 08/24/2023 Entry ID: 5309655

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 34 | 08/23/23 | AFP | **Appellate Filing Fee Received** | Petr. Frank Warren Bibeau | | 08/24/23 | B |
| 35 | 08/24/23 | NOT | **Notice of filing of Notice of Appeal to Court of Appeals** | | | 08/24/23 | B |

Appellate Case: 23-2923      Page: 5      Date Filed: 08/24/2023 Entry ID: 5309655

# United States Tax Court

T.C. Memo. 2023-66

FRANK WARREN BIBEAU,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 11483-20L.                    Filed May 24, 2023.

_____

Frank Warren Bibeau, pro se.

*Lisa R. Jones* and *Beth A. Nunnink*, for respondent.


## MEMORANDUM OPINION

HOLMES, *Judge*: Frank Bibeau is an enrolled member of the Chippewa tribe who lives and practices law on the Leech Lake Reservation in Minnesota. In a treaty with the United States, the Chippewa kept the right to "hunt, fish, and gather the wild rice" on their traditional lands. Bibeau says this is really the right to "food, clothing and shelter and travel, whereby the new canoe is the automobile." He argues that this means that income from his law practice is tax exempt.

The Commissioner in reply urges us instead to follow binding Eighth Circuit and Supreme Court precedent.

*Background*

Bibeau and his wife filed joint returns for their 2016 and 2017 tax years. For both years, Bibeau reported income from his law practice and a sizable net operating loss carryforward that was enough to shield his income from income tax. But his self-employment income still led to a

**[\*2]** total self-employment tax liability for both years of $6,000. He has never paid this tax debt.

In January 2019, the Commissioner sent him a letter asking him to pay. Bibeau timely requested a collection due process (CDP) hearing.[1] During the hearing, his only argument was that the income he earned in 2016 and in 2017 was exempt from self-employment tax under treaties between the Chippewa and the United States. The Commissioner disagreed and sent him a notice of determination sustaining the IRS's decision to levy on his property to collect the tax.[2] Bibeau timely petitioned our Court, and challenges only his liability.[3] The parties submitted the case for decision on stipulated facts.

## Discussion

Like all Americans, Indians[4] are subject to federal tax laws unless there is a specific law or treaty that provides otherwise. *Squire v. Capoeman*, 351 U.S. 1, 6 (1956). The canons that require us to strictly construe exemptions from income tax, however, are in tension with those that govern the interpretation of treaties between Indian tribes and the United States. While exemptions from income taxation are to be strictly construed, *see, e.g.*, *McCamant v. Commissioner*, 32 T.C. 824, 834 (1959), Indian treaties "are to be construed, so far as possible, in the

---

[1] The IRS at first denied his request for a CDP hearing on the grounds that his arguments were frivolous. Bibeau objected, and the IRS did finally grant him a hearing.

[2] The settlement officer referred in one section to "Notice of Federal Tax Lien," rather than a "Notice of Intent to Levy." There are somewhat different rules for liens and levies, but neither party made any allegation that this mistake in nomenclature in any way prejudiced Bibeau. The notice is therefore valid. *See John C. Hom & Assocs. v. Commissioner*, 140 T.C. 210, 213 (2013) ("Mistakes in a notice will not invalidate it if there is no prejudice to the taxpayer.")

[3] Because the Commissioner assessed the tax as Bibeau reported it on his returns, he had the right to challenge this liability at the hearing and before us. *See Montgomery v. Commissioner*, 122 T.C. 1, 10 (2004). Because he was a resident of Minnesota when he filed his petition, appellate venue presumptively lies in the Eighth Circuit. *See* 26 U.S.C. § 7482(b)(1)(G)(i).

Since Bibeau and his wife filed jointly for both of the years at issue, the Commissioner sent the notice of determination to both of them. Bibeau's wife, however, did not sign the petition and is therefore not a party to this case.

[4] Nomenclature is fraught in this field. Bibeau refers to himself, however, as an "Indian" and the Chippewa as a "tribe." Much of the literature in this area also refers to "Indian law" and "Indian treaties" and the like; to maintain some continuity with this legal-historical past, we too will use the traditional terms.

**[\*3]** sense in which the Indians understood them," *Choctaw Nation of Indians v. United States*, 318 U.S. 423, 432 (1943). This means that "[t]he construction, instead of being strict, is liberal; doubtful expressions, instead of being resolved in favor of the United States, are to be resolved in favor of [the Indians]." *Choate v. Trapp*, 224 U.S. 665, 675 (1912).

This canon telling us to construe Indian treaties favorably to Indians does not, however, "create favorable rules." *Jourdain v. Commissioner*, 71 T.C. 980, 990 (1979). And in the case of exemptions from taxation, the Supreme Court has held that "to be valid, exemptions to tax laws should be *clearly expressed.*" *Capoeman*, 351 U.S. at 6 (emphasis added).

Bibeau had two arguments for how the treaties between the United States and the Chippewa express an exception from taxation for his self-employment income. He first argues that the 1837 Treaty with the Chippewa, July 29, 1837, art. 5, 7 Stat. 536, 537, protects his right to make a "modest living."[5] The actual language of this 1837 Treaty doesn't use this phrase, but only states that the Chippewa will be guaranteed "[t]he privilege of hunting, fishing, and gathering the wild rice, upon the lands, the rivers and the lakes included in the territory ceded."

Bibeau points us to *United States v. Brown*, 777 F.3d 1025, 1031 (8th Cir. 2015), an Eighth Circuit case where that court held that the 1837 Treaty "indicate[s] that the Indians believed they were reserving unrestricted rights to hunt, fish, and gather throughout a large territory." In deciding whether the right to fish included the right to sell fish, the court looked to history and concluded that the "Chippewa Indians' exercise of their usufructuary rights included selling what they hunted, fished, or gathered in order to make a *modest living.*" *Id.* (emphasis added). Bibeau says that his law practice is analogous to hunting, fishing, and gathering wild rice in that it also enables him to make a "modest living."[6] He asserts that the right to make a "modest

---

[5] The Supreme Court held that the rights granted under the 1837 Treaty were not abrogated by a subsequent treaty entered into in 1855, when Minnesota was admitted to the Union, or the President's 1850 Executive Order. *Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 195, 202, 207 (1999).

[6] In 2016, Bibeau earned his income through representing the Leach Lake Band of Ojibwe in the tribal court regarding an on-reservation dispute and conducting historical research, data-gathering, compilation, and assembly of the treaties for the

**[\*4]** living" is what the 1837 Treaty means by its preservation of the Indians' rights to "hunting, fishing, and gathering the wild rice." Continuing the analogy, Bibeau argues that the right to "hunt, fish, and gather the wild rice" really means the right to "food, clothing and shelter and travel, whereby the new canoe is the automobile."

We are not persuaded.

The right to hunt, fish, and gather may be the means to a "modest living," but the Treaty does not clearly express an intent that it means a modest, *tax-free* living. *Brown* made no holding about whether Chippewa would owe tax on the sale of the fish they caught, much less a broad holding that includes an exemption from tax of any Chippewa earning a "modest income" from any other source. It held only that the Chippewa were not criminally liable for violating federal law because of their right to fish retained under the 1837 Treaty. *Brown*, 777 F.3d at 1032. There is no discussion in the opinion about whether the right to sell fish under the 1837 Treaty created an exemption from tax on the sale.

We ourselves have held that "we are constrained from finding [a tax] exemption in the absence of some textual support." *Perkins v. Commissioner*, 150 T.C. 119, 128–29 (2018) (quoting *Lazore v. Commissioner*, 11 F.3d 1180, 1187 (3d Cir. 1993), *aff'g in part, rev'g in part* T.C. Memo. 1992-404), *aff'd*, 970 F.3d 145 (2d Cir. 2020). Practicing law or conducting research does not yield income derived from "hunting, fishing, or gathering the wild rice." There is nothing in the language of the 1837 Treaty to expand the activities that it protects beyond those it explicitly lists.[7] Interpreting the 1837 Treaty to imply exemption from tax on income from activities not even mentioned in the treaty would undoubtably generate a new rule. This is something we cannot do. *Jourdain*, 71 T.C. at 990.

---

Mille Lacs Band of Ojibwe. Similarly, his 2017 income was earned by representing a nonprofit charity to protect tribal and individual rights on and off the reservation.

[7] The Eighth Circuit was even careful to reserve the question of whether the Treaty entitled the Chippewa to use modern technology in the exercise of their Treaty rights—"This case presents no issue of whether the treaty protection includes the use of new technologies since the Chippewa used nets to catch fish at the time the treaty was made." *Brown*, 777 F.3d at 1031. This suggests that the right to fish, and in turn sell fish, may be limited to the understanding of what it meant to fish at the time the 1837 Treaty was executed.

**[\*5]**  Bibeau has a second argument as a fallback. He argues that he is exempt from federal taxation because there is no treaty in which the Chippewa granted the United States *any* right to tax members of the tribe or their income from *any* activity. Bibeau contends, quoting *United States v. Winans*, 198 U.S. 371, 381 (1905), that treaties between the United States and Indians are "not a grant of rights to the Indians, but a grant of rights from them—a reservation of those not granted."

When it comes to exemptions from tax, however, the Supreme Court has stated "that Indians are citizens and that in ordinary affairs of life, not governed by treaties or remedial legislation, [Indians] are subject to the payment of income taxes as are other citizens." *Capoeman*, 351 U.S. at 6. This means that the absence of tax terms from a treaty does not imply the Indians reserved their right to be free of taxation—instead, it means that an exemption from taxation does not exist. In other words, "tax exemptions are not granted, by implication, to Indians." *Jourdain*, 71 T.C. at 990.

Bibeau acknowledges that *Capoeman* is precedent, but he flags for us what he considers to be a mistake in the Supreme Court's reasoning, that is, its failure to consider the 1924 Indian Citizenship Act in its legal analysis. The Indian Citizenship Act stated that by granting Indians citizenship, the Act "shall not in any manner impair or otherwise affect the right of any Indian to tribal or other property." Indian Citizenship Act of 1924, ch. 233, 43 Stat. 253, 253. Bibeau argues that this is evidence that Congress intended to preserve not only the rights that were explicitly granted by treaties, but also those that were implicitly reserved—including the right to be free of taxation.

Here Bibeau crashes into clear Eighth Circuit caselaw. That court has squarely held that the Indian Citizenship Act maintained Indians' "pre-existing right to tribal and other property" but "does not create a tax exemption." *Fond du Lac Band of Lake Superior Chippewa v. Frans*, 649 F.3d 849, 851 (8th Cir. 2011).[8] We are therefore constrained from inferring from the silence of the Indian Citizenship Act an exemption for Indians from federal income taxation.

---

[8] Bibeau also argues that the right to be free of taxation can only be abrogated if it was clearly relinquished by treaty or modified by Congress. Since we are constrained to hold there is no such right, we need not discuss what it might take to relinquish it.

**[*6]**   We must find for the Commissioner and hold that Bibeau's self-employment income is taxable.

*Decision will be entered for respondent.*



# United States Tax Court

Washington, DC 20217

FRANK WARREN BIBEAU,

        Petitioner

        v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent

Docket No. 11483-20L

## DECISION

Following the opinion of the Court in T.C. Memo. 2023-66, filed May 24, 2009, it is

DECIDED that respondent may proceed with the collection of petitioner's federal income-tax liability for the tax years 2016 and 2017, as described in the Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, dated July 21, 2020.

**(Signed) Mark V. Holmes**
**Judge**

**Entered and Served 05/25/23**


Frank Warren Bibeau,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed

Docket No. 11483-20L

Document No. 33

# Notice of Appeal for the 8th Circuit


Frank Warren Bibeau,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed

Docket No. 11483-20L

Document No. 33

# Notice of Appeal

**FORM 17**

NOTICE OF APPEAL TO COURT OF APPEALS FROM A DECISION OF
THE UNITED STATES TAX COURT
(See Rules 190 and 191.)
www.ustaxcourt.gov

UNITED STATES TAX COURT
Washington, D.C.

Docket No. 11483-20L

Frank Warren Bibeau
Petitioner(s)

v.                                               Notice of Appeal

COMMISSIONER OF INTERNAL REVENUE,
Respondent

Frank Warren Bibeau                               (name all parties taking the appeal)*

appeal to the United States Court of Appeals for the _____ Eighth _____ Circuit from the

decision entered on _____ May 25, 2023 _____ (state the date the decision was entered).

(s) Frank Warren Bibeau

Attorney for Frank Warren Bibeau

Address: 51124 county Road 118, Deer River, MN 56636

* See Rule 3(c) of the Federal Rules of Appellate Procedure for permissible ways of identifying
appellants.


Frank Warren Bibeau,

       Petitioner

       v.

Commissioner of Internal Revenue

       Respondent

Docket No. 11483-20L

Document No. 34

# Appellate Filing Fee Received



# U.S. Tax Court Fees Appeals

This form may be used for the ordering and paying of services rendered by the United States Tax Court.

When paying the filing fee, use the Docket Number(s) communicated to you on the "Order to Pay" filing fee.

* Required Field

**First Name ***

Frank

**Middle Initial**

W

**Last Name ***

Bibeau

**Street Address 1 ***

51124 County Road 118

**Street Address 2**

**Country ***

United States

**City ***

Deer River, MN

**State/Province ***

Minnesota

**Zip/Postal Code ***

56636

**Phone Number ***

(218) 760-1258

**Extension**

**Email Address ***

frankbibeau@gmail.com

Number of Petitions ( $500.00 Each ) *

1

Docket Number 1 *

11483-20L

Total Dollar Amount *

$500.00

The content of this document may contain Sensitive But Unclassified (SBU) data and/or Controlled Unclassified Information (CUI).

Receipt
**United States Tax Court**
*400 2nd Street NW*
*Washington, DC 20217*
*202-521-0700*

Order Id: 164760                    MITCHELLK

08-24-23 07:23                      Till: 100

APPEAL FEE - (11483-20L)            $500.00

Item Count:1          Subtotal: $500.00
                      Sales Tax Total: $0.00

**Total: $500.00**

Receipt: 164763

PAY.GOV:$500.00

Thank You!



CLERK OF THE COURT

# United States Tax Court

Washington, DC 20217

FRANK WARREN BIBEAU,

    Petitioner

    v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent

Docket No. 11483-20L.

## NOTICE OF FILING OF NOTICE OF APPEAL TO COURT OF APPEALS

    TO:

| | | |
|---|---|---|
| Michael E. Gans, Clerk of Court<br>U. S. Court of Appeals<br>for the Eighth Circuit<br>Thomas F. Eagleton Courthouse<br>111 S. 10th Street<br>St. Louis, MO 63102 | William M. Paul<br>Acting Chief Counsel<br>Internal Revenue Service<br>1111 Constitution Ave, NW<br>Washington, DC 20224 | Frank Warren Bibeau<br>51124 County Road 118<br>Deer River, MN 56636 |

    The United States Court of Appeals for the **8th Circuit** and the parties are hereby notified that on **August 21, 2023, Petitioner** filed a Notice of Appeal to Court of Appeals from the **May 25, 2023, Decision** of the United States Tax Court. A copy of that Notice of Appeal is herewith served upon you.

    The parties are hereby notified that the papers constituting the record of the case in the United States Tax Court include any transcripts of proceedings. The record on appeal will be sent to the United States Court of Appeals **within 30 days of receiving the Court of Appeals case number**.

    Counsel for the Commissioner of Internal Revenue are **FRANCESCA UGOLINI, CHIEF, APPELLATE SECTION, TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE, P.O. BOX 502, WASHINGTON, D.C. 20044, UPON WHOM SERVICE OF DOCUMENTS AND PAPERS IN PROCEEDINGS IN THE COURT OF APPEALS IS TO BE MADE**, and William M. Paul, Acting Chief Counsel, Internal Revenue Service.

(Signed) Stephanie A. Servoss
Clerk of the Court

**Served 08/24/23**

Enclosures:   Copy of Notice of Appeal and Docket Entries.

Fee Paid:     Yes __XX__   No _____